IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MILES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFERSON COUNTY, MISSOURI | ) | |
| D/B/A JEFFERSON COUNTY SHERIFF'S | ) | |
| OFFICE | ) | |
| Serve: Dennis Ganon, County Executive | ) | |
|       729 Maple Street, Ste G30 | ) | |
|       Hillsboro, MO 63050 | ) | Case No.: _____ |
| | ) | |
| JEFFERSON COUNTY SHERIFF DAVID | ) | |
| MARSHAK, in his official capacity only, | ) | |
| Serve: 400 First Street, Justice Center | ) | |
|       Hillsboro, MO 63050 | ) | |
| | ) | |
| MELISSA ELLIS, in both her official | ) | |
| capacity and individual capacity, | ) | **JURY TRIAL DEMANDED** |
| Serve: 400 First Street, Justice Center | ) | |
|       Hillsboro, MO 63050 | ) | |
| | ) | |
| ERIC BURCH, in both his official | ) | |
| capacity and individual capacity, | ) | |
| Serve: 400 First Street, Justice Center | ) | |
|       Hillsboro, MO 63050 | ) | |
| | ) | |
| CHAD DOWNARD, in both his official | ) | |
| capacity and individual capacity, | ) | |
| Serve: 400 First Street, Justice Center | ) | |
|       Hillsboro, MO 63050 | ) | |
| | ) | |
|     Defendants. | ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff, Robert Miles, by and through undersigned counsel, and for his

causes of action against Defendants, Jefferson County, Missouri d/b/a Jefferson County Sheriff's

Office, David Marshak (official capacity only), Melissa Ellis (official and individual capacities),

1

Eric Burch (official and individual capacities), and Chad Downard (official and individual capacities), and states to the Court as follows:

## INTRODUCTORY STATEMENT

1.    On or about September 17, 2023, Melissa Miles ("Melissa") died in an isolated holdover cell while in the custody of the Jefferson County Sheriff's Office at their jail in Hillsboro, MO.  A subsequent autopsy revealed that Melissa died from toxicity of controlled substances.

2.    This is a civil rights action brought by Melissa's father, Robert Miles ("Robert"), pursuant to 42 U.S.C. §1983 to redress violations of Melissa's rights under the Eighth and Fourteenth Amendments to the United States Constitution.  Robert also asserts claims under Missouri Law.

## PARTIES

3.    Melissa died on or about September 17, 2023.

4.    At the time of her death, Melissa was in the custody of the Jefferson County Missouri by and through the Jefferson County Sheriff and being held at the Jefferson County Jail in Hillsboro, MO.

5.    At the times of the negligent acts complained of herein and at all times relevant hereto, Melissa was an individual and present in the State of Missouri, County of Jefferson.

6.    Melissa was and is the natural daughter of Plaintiff Robert and she was not married at the time of her death.

7.    Robert is a proper party to bring a wrongful death action for the death of his daughter, Melissa, pursuant to R.S.Mo. §537.080, et seq.

8.    At all times relevant hereto, Robert was and is a resident of the State of Missouri.

9.    Defendant Jefferson County, Missouri ("Jefferson County") is a political subdivision of the State of Missouri and is a person for the purposes of 42 U.S.C. §1983, provides law enforcement for the County of Jefferson by and through the Jefferson County Sheriff's Office, and is capable of suing and being sued.

10.    At all times relevant hereto, Defendant Jefferson County operated and had control of a jail and had inmates, including Melissa, in its custody by and through the Jefferson County Sheriff's Office in Hillsboro, Missouri.

11.    Defendant Jefferson County operates and governs the Jefferson County Sheriff's Office pursuant to the laws of Missouri.

12.    Jefferson County, by and through the Jefferson County Sheriff's Office, is vested with the authority and has the duty to screen, train, supervise, discipline, and otherwise control the officers of the Jefferson County Sheriff's Office.

13.    At all times relevant hereto Defendant Melissa Ellis ("Ellis"), Chad Downard ("Downard"), and Eric Burch ("Burch") were correctional officers with the Jefferson County Sheriff's Office and were present in Jefferson County, State of Missouri, and are each being sued in their individual and official capacities.

14.    At all times referred to herein, Defendant David Marshak ("Marshak") was the elected Sheriff of the Jefferson County Sheriff's Office.

15.    As sheriff, Defendant Marshak was charged with and responsible for the training, supervision, discipline, and conduct of Defendant Ellis, Downard, and Burch.

16.    Defendant Marshak was further responsible for enforcing the regulations of the Jefferson County Sheriff's Office and for ensuring that the Jefferson County correctional officers obey the laws of the State of Missouri and the United States of America.

3

17.     At all times referred to herein, Defendant Marshak was acting under the color of law and in his capacity as an agent, servant and employee of Defendant Jefferson County.

18.     At all times alleged, Defendant Marshak was acting under the direction and control of Defendant Jefferson County.

19.     At all times alleged, Defendant Marshak was acting pursuant to official policy, custom and/or practice of Jefferson County and the Jefferson County Sheriff's Office.

20.     Defendant Marshak was the policymaker for the Jefferson County Sheriff's Office at all relevant times.

21.     Defendant Marshak participated in the promulgation of policy for the Jefferson County Sheriff's Office and was directly responsible for its implementation, in part or in whole.

22.     At all times alleged, Defendants Ellis, Downard, and Burch were employed by Jefferson County as correctional officers for the Jefferson County Sheriff's Office and were acting under the color of law.

23.     At all times alleged, Defendants Ellis, Downard, and Burch were on duty as agents, servants, and/or employees of Defendant Jefferson County.

24.     At all times alleged, Defendants Ellis, Downard, and Burch were acting under the direction and control of Defendant Jefferson County.

25.     At all times alleged, Defendants Ellis, Downard, and Burch were acting under the direction and control of Defendant Marshak.

26.     At all times alleged, Defendant Ellis, Downard, and Burch were on duty as agents, servants, and/or employees of Defendant Marshak.

27.     At all times alleged, Defendants Ellis, Downard, and Burch were acting pursuant to official policy, custom and/or practice of Jefferson County and the Jefferson County Sheriff's Office.

28.     Defendant Marshak is being sued in both his official capacity only.

29.     Defendant Ellis is being sued in both her individual and official capacities.

30.     Defendant Downard is being sued in both his individual and official capacities.

31.     Defendant Burch is being sued in both his individual and official capacities.

## JURISDICTION AND VENUE

32.     This action is brought pursuant to 42 U.S.C. §1983 for deprivation of rights secured by the Eighth and Fourteenth Amendments of the United States Constitution.

33.     This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1343.

34.     Jurisdiction supporting Plaintiff's claim for attorneys' fees and costs is conferred by 42 U.S.C. §1988.

35.     Plaintiff invokes supplement jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear and decide claims under Missouri Law.

36.     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because Defendants are located in and all incidents giving rise to this suit occurred in the State of Missouri within this judicial district.

37.     Divisional venue is proper in the Eastern District because a substantial part of the events leading to the claims for relief arose in the County of Jefferson, Missouri.  *See* E.D. Mo. L.R. 2.07(A)(1).

## <u>INTENTIONAL WAIVER OF SOVEREIGN IMMUNITY</u>

38.    Upon information and belief, at all relevant times, Defendant Jefferson County purchased and had in effect a policy of insurance to insure itself and the Jefferson County Jail against claims or causes of actions for damages caused by its employees, including but not limited to Defendant Marshak, Defendant Ellis, Defendant Burch, and Defendant Downard, while engaged in government functions, including the tort and civil rights violations described herein.

39.    The purchase of insurance constitutes an intentional waiver of sovereign immunity by Defendant Jefferson County and its covered officers and employees, including but not limited to Defendant Marshak, Defendant Ellis, Defendant Burch, and Defendant Downard, for all of Plaintiff's claims.

## <u>FACTS COMMON TO ALL COUNTS</u>

40.    Plaintiff restates and incorporates paragraphs 1 through 39 as if fully set forth herein.

41.    On or about September 14, 2023, Melissa was detained by the Jefferson County Sheriff.

42.    Melissa was processed and booked on September 14, 2023, and placed in the general population of the Jefferson County jail.

43.    At the time of her booking, it was noted that Melissa had a history of drug use, and most recently used controlled substances on September 13, 2023.

44.    Around 5:00am on September 17, 2023, Melissa fell off her bunk, sustained injuries, and was taken to Mercy Hospital Jefferson.

45.     After being deemed fit for confinement, Melissa was released from Mercy Hospital Jefferson to the custody of Jefferson County.

46.     Melissa arrived back at the Jefferson County Jail around 11:08am.

47.     Upon arrival to the Jefferson County Jail as aforesaid, Defendant Ellis "patted down" Melissa.

48.     Defendant Ellis then conveyed Melissa to her isolated holdover cell at approximately 11:17am.

49.     The holdover cell where Melissa was placed was equipped with continuous video monitoring.

50.     At the time she was placed in her holdover cell as aforesaid, Melissa entered the cell under her own power.

51.     At approximately 11:19am, Melissa was provided with a mattress.

52.     At approximately 11:21am, Melissa was provided with sheets and a blanket for her mattress.

53.     From 11:21am until 11:38am, Melissa can be seen attempting to sleep on her mattress with continuous movement.

54.     At approximately 11:41am, Melissa was delivered her lunch and can be observed eating the same until approximately 11:49am.

55.     At approximately 11:50am, Melissa can be seen filling up a cup of water at her sink, drinking the same, and then laying back down on her mattress.

56.     At approximately 11:52am, Defendant Ellis adjusted Melissa's wrist splint and removed Melissa's lunch from the holdover cell while Melissa remained laying on her mattress.

57.     At approximately 11:55am, Melissa was provided with toilet paper by a correctional officer while Melissa remained laying on her mattress.

58.     At approximately 12:02pm, Melissa rolled off her mattress and displayed signs of labored breathing and minimal movement with her right arm on her chest.

59.     At approximately 12:03:26pm, Melissa's right arm limply slid off her chest and onto the floor.

60.     Melissa did not move after 12:03:26pm.

61.     At approximately 12:18pm, Defendant Downard peered through Melissa's cell window without entering the cell or checking on Melissa.

62.     At approximately 12:32pm, Defendant Burch conducted a cell check/guardian scan without entering the cell or checking on Melissa.

63.     At approximately 2:17pm, Defendant Ellis looked through the window of Melissa's holdover cell, noticed Melissa was not moving or breathing, and alerted EMS personnel.

64.     Melissa was pronounced dead at approximately 2:31pm on September 17, 2023.

65.     A postmortem exam revealed that Melissa's death was caused by Fentanyl, Fluorofentanyl, and Methamphetamine toxicity.

66.     At all times relevant hereto, Melissa was in the custody of Jefferson County by and through the Jefferson County Sheriff's Office.

67.     Defendant Jefferson County knew or should have known that individuals withdrawing from controlled substances, including Melissa, have an increased chance of overdosing and/or dying in the event of relapse or through the ingestion of controlled substances.

68.     Defendant Jefferson County knew or should have known that as an inmate in their custody Melissa should not have access to controlled substances.

69.     Defendant Jefferson County, by and through its agents, servants, and/or employees, failed to search Melissa and/or other inmates for controlled substances prior to placing her in her holdover cell.

70.     Defendant Jefferson County failed to prevent Melissa from harboring and/or gaining access to controlled substances while in her holdover cell.

71.     Defendant Jefferson County, by and through its agents, servants, and/or employees, failed to properly and appropriately monitor Melissa after placing her in her holdover cell.

72.     Defendant Jefferson County by and through its agents, servants, and/or employees, failed to search Melissa or the holdover cell in which Melissa was placed for controlled substances.

73.     Defendant Jefferson County and Defendant Marshak failed to employ a reasonably safe program, surveillance, and/or monitoring policy of its inmates, including Melissa.

74.     Upon information and belief, prior to Melissa's death, Defendant Jefferson County and Defendant Marshak were aware and knew or should have known that drug overdoses resulting in death of its inmates have and could occur at its jail.

75.     Defendants Ellis, Burch, and/or Downard, individually and/or collectively, failed to search Melissa and/or other inmates for controlled substances prior to placing Melissa in her holdover cell.

76.     Defendants Ellis, Burch, and/or Downard, individually and/or collectively, failed to prevent Melissa from harboring and/or gaining access to controlled substances while in her holdover cell.

77.     Defendants Ellis, Burch, and/or Downard, individually and/or collectively, failed to properly and appropriately monitor Melissa after placing her in her holdover cell.

78.     Defendants Ellis, Burch, and/or Downard, individually and/or collectively, failed to search Melissa or the holdover cell in which Melissa was placed for controlled substances.

79.     Upon information and belief, prior to Melissa's death, Defendants Ellis, Burch, and/or Downard were aware and knew or should have known that drug overdoses resulting in death of inmates have and could occur at the Jefferson County Jail.

80.     Upon information and belief, in the hours leading to Melissa's final movement within her holdover cell, Melissa was provided and/or allowed access to a lethal amount of controlled substances and ingested the same while under the care, custody, and control of Defendant Jefferson County.

81.     On or about September 17, 2023, Melissa was pronounced dead while under the care, custody and control of Defendant Jefferson County.

82.     That, upon information and belief, the Jefferson County Sheriff's Department and Defendant Marshak have enacted policies and procedures which dictate that their employees perform cell checks on inmates.

83.     That, upon information and belief, the Jefferson County Sheriff's Department and Defendant Marshak have enacted policies and procedures which dictate that their inmates are prohibited from having access to and/or ingesting controlled substances.

84.    That compliance with the aforementioned policies and procedures is mandatory for employees of the Jefferson County Sheriff's Department.

85.    That the aforementioned policies and procedures detail explicit instructions for the care and custody of inmates, including Melissa, of which there is no variance or discretion in administering the same.

86.    That as employees of Jefferson County, Defendants Ellis, Burch, and Downard were required to abide by the mandatory policies and procedures relating to cell checks as written with no variance or discretion in administering the same.

## COUNT I – VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS COGNIZABLE UNDER 42 U.S.C. §1983 AGAINST DEFENDANTS JEFFERSON COUNTY, MISSOURI AND DAVID MARSHAK

87.    Plaintiff restates and incorporates paragraphs 1 through 86 as if fully set forth herein.

88.    At all times relevant hereto, Defendants Jefferson County and Marshak were acting under the color of state law.

89.    At all times relevant hereto, Melissa was in the custody and care of Defendant Jefferson County and dependent upon Jefferson County to provide for her protection and safety.

90.    During her intake and booking process, it was noted that Melissa had consumed controlled substances in the past twenty-four (24) hours, and she was noted to be at risk for withdrawal symptoms.

91.    Defendant Jefferson County knew or should have known that an individual in Melissa's situation would attempt to obtain controlled substances while in custody.

92.     Defendants Jefferson County and Marshak deliberately and knowingly failed to ensure the proper procedure(s) were in place to prevent inmates, including Melissa, from obtaining controlled substances while in custody.

93.     Defendant Jefferson County and Defendant Marshak's failure as alleged herein was part of the official policy adopted by Jefferson County and Marshak or was part of a custom and/or usage that was known to Jefferson County and Marshak and had been allowed to develop and continue.

94.     Defendant Jefferson County and Marshak owed a duty to inmates, including Melissa, to prevent them from having access to controlled substances while an inmate in the Jefferson County Jail.

95.     Defendant Jefferson County and Marshak, by and through its servants, employees, and/or agents, actual or ostensible, in detaining and taking custody and control of Melissa, breached their duty of care, and committed the following acts of negligence, to-wit:

    a.    Failed to prevent the importation of controlled substances;

    b.    Failed to prevent Melissa from gaining access to controlled substances while in the custody of Jefferson County;

    c.    Failed to appropriately monitor Melissa once placed in her holdover cell;

    d.    Failed to timely, consistently, and properly assess and document Melissa's physical and mental condition;

    e.    Failed to provide properly trained and experienced staff to ensure appropriate searching, patrolling, and/or monitoring of Melissa and her condition;

      f.      Failed to provide proper supervision and training for its employees, agents, and/or servants responsible for Melissa's custody and care; and

      g.      Failed to provide a sufficient number of, and training to, its staff with respect to Melissa's custody and care.

96.     Defendants Jefferson County and Marshak's actions as aforesaid were deliberately indifferent to the rights of Melissa.

97.     That at all relevant times hereto, there existed within Jefferson County and the Jefferson County Sheriff's Office policies, customs, practices and/or usages that were so pervasive that they constituted the policies of Jefferson County and the Jefferson County Sheriff's Office that caused the constitutional deprivations of Melissa as more fully set forth above.

98.     Defendants Jefferson County and Marshak's actions as aforesaid violated Melissa's rights secured by the Eighth and/or Fourteenth Amendments to the Constitution of the United States and Defendant Jefferson County and Marshak are therefore liable for their violations pursuant to 42 U.S.C. §1983.

99.     That as a direct and proximate result of one or more of Defendant Jefferson County and Marshak's foregoing acts of negligence by and through its servants, employees and/or agents, actual or ostensible, Melissa suffered severe injuries causing her pain and suffering; Melissa's nerves and entire nervous system were disturbed and injured; and Melissa ingested a lethal dose of controlled substances and ultimately perished while in the custody and control of Defendant Jefferson County.

100.    As a direct and proximate result of Defendant Jefferson County and Marshak's negligence as aforesaid, Plaintiff incurred expenses for Melissa's funeral and burial.

101.    As a direct and proximate result of the negligence of Defendant Jefferson County and Marshak, Plaintiff has sustained losses because of Melissa's death in the nature of loss of services, companionship, comfort, instruction, guidance, counsel, training, and support.

102.    The actions of Defendant Jefferson County and Marshak with regard to Melissa were recklessly and callously indifferent to Melissa's Eighth and Fourteenth Amendment rights.

103.    Pursuant to 42 U.S.C. §1988, Defendant Jefferson County and Marshak are liable for Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff Robert Miles prays for judgment against Defendant Jefferson County and Defendant David Marshak, for such sums as are fair and reasonable, in excess of Twenty-Five Thousand Dollars ($25,000.00), together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

## COUNT II – WRONGFUL DEATH UNDER RSMO §537.080
## AGAINST DEFENDANT JEFFERSON COUNTY, MISSOURI AND DAVID MARSHAK

104.    Plaintiff restates and incorporates paragraphs 1 through 103 as if fully set forth herein.

105.    That at the time of the negligent acts complained of herein and at all times mentioned, Defendant Jefferson County and Marshak owed a duty to use ordinary care to ensure that inmates under their custody and care, including Melissa, received appropriate supervision and were not allowed access to controlled substances.

106.    Defendant Jefferson County and Marshak breached their duty owed to Melissa and were negligent in the following respects, to-wit:

a.    Failed to prevent the importation of controlled substances;

b.    Failed to prevent Melissa from gaining access to controlled substances while within the custody of Jefferson County;

14

  c.  Failed to appropriately monitor Melissa once placed in her holdover cell;

  d.  Failed to timely, consistently, and properly assess and document Melissa's physical and mental condition;

  e.  Failed to provide properly trained and experienced staff to ensure appropriate searching, patrolling, and/or monitoring of Melissa and her condition;

  f.  Failed to provide proper supervision and training for its employees, agents, and/or servants responsible for Melissa's custody and care; and

  g.  Failed to ensure that Melissa did not have access to controlled substances while in its custody and control.

107. That as a direct and proximate result of one or more of Defendant Jefferson County and Marshak's foregoing acts of negligence Melissa suffered severe injuries causing her pain and suffering; Melissa's nerves and entire nervous system were disturbed and injured; and Melissa ingested a lethal dose of controlled substances and ultimately perished.

108. As a direct and proximate result of Defendant Jefferson County and Marshak's negligence as aforesaid, Plaintiff incurred expenses for Melissa's funeral and burial.

109. As a direct and proximate result of the negligence of Defendant Jefferson County and Marshak, Plaintiff has sustained losses because of Melissa's death in the nature of loss of services, companionship, comfort, instruction, guidance, counsel, training and support.

110. Defendant Jefferson County and Marshak's conduct, as discussed herein, showed complete indifference to and/or conscious disregard for the safety of others, including the safety of Melissa.

WHEREFORE, Plaintiff Robert Miles prays for judgment against Defendant Jefferson County and David Marshak, jointly and severally, for such sums as are fair and reasonable, in excess of Twenty-Five Thousand Dollars ($25,000.00), together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

### COUNT III – FAILURE TO HIRE, TRAIN, AND/OR SUPERVISE AGAINST DEFENDANT JEFFERSON COUNTY, MISSOURI AND DAVID MARSHAK

111.    Plaintiff restates and incorporates paragraphs 1 through 110 above as if fully set forth herein.

112.    Melissa's condition was of sufficient severity that she should have received more constant monitoring, supervision, and/or observation than she did by Defendant Jefferson County.

113.    Defendants Jefferson County and Marshak's servants, employees and/or agents, actual or ostensible, were aware or should have been aware of the need to appropriately search, observe, monitor, and/or supervise Melissa.

114.    Defendants Jefferson County and Marshak knew or should have known that failure to appropriately search, observe, monitor, and/or supervise Melissa was a violation of Melissa's constitutional rights.

115.    Defendants Jefferson County and Marshak oversaw and were responsible for implementing policies relating to appropriately searching, observing, monitoring, and/or supervising inmates, including Melissa.

116.    Defendants Jefferson County and Marshak were negligent in the supervision of their employees, agents, staff, and/or correctional officers of the Jefferson County Jail in that

they failed to ensure that policies and procedures related to appropriately searching, observing, monitoring, and/or supervising inmates, including Melissa, were carried out.

117.    Defendant Jefferson County and Marshak also deliberately and knowingly failed to properly train and/or supervise their deputies at the Jefferson County Jail in that at the time Melissa was held at the Jefferson County Jail, there existed inadequate policies, procedures, training, manuals, and guidelines for the situation(s) as described herein.  The failures include but are not limited to:

    a.    Failure to prevent the importation of controlled substances;

    b.    Failure to prevent Melissa from gaining access to controlled substances while within the custody of Jefferson County;

    c.    Failure to appropriately monitor Melissa once placed in her holdover cell;

    d.    Failure to timely, consistently, and properly assess and document Melissa's physical and mental condition;

    e.    Failure to provide properly trained and experienced staff to ensure appropriate searching, patrolling, and/or monitoring of Melissa and her condition;

    f.    Failure to provide proper supervision and training for its employees, agents, and/or servants responsible for Melissa's custody and care; and

    g.    Failure to ensure that Melissa did not have access to controlled substances while in its custody and control.

118.    The failure(s) as aforesaid was/were part of the official policy adopted by Defendant Jefferson County and Marshak and/or was/were part of a custom or usage that was known to Defendant Jefferson County and Marshak and had been allowed to develop and

17

continue.  At all relevant times, Defendants Jefferson County and Marshak were acting under the color of state law.

119.    Defendants Jefferson County and Marshak violated Melissa's rights under the Eighth and/or Fourteenth Amendments to the Constitution of the United States and Defendant Jefferson County is therefore liable for their violations pursuant to 42 U.S.C. § 1983.

120.    That as a direct and proximate result of one or more of Defendants Jefferson County and Marshak's foregoing acts of negligence Melissa suffered severe injuries causing her pain and suffering; Melissa's nerves and entire nervous system were disturbed and injured; and Melissa ingested a lethal dose of controlled substances and ultimately perished.

121.    As a direct and proximate result of Defendants Jefferson County and Marshak's negligence as aforesaid, Plaintiff incurred expenses for Melissa's funeral and burial.

122.    As a direct and proximate result of the negligence of Defendants Jefferson County and Marshak, Plaintiff has sustained losses because of Melissa's death in the nature of loss of services, companionship, comfort, instruction, guidance, counsel, training, and support.

123.    Defendants Jefferson County and Marshak's conduct, as discussed herein, showed complete indifference to and/or conscious disregard for the safety of others, including the safety of Melissa.

124.    Pursuant to 42 U.S.C. § 1988, Defendants Jefferson County and Marshak are liable for Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff Robert Miles prays for judgment against Defendant Jefferson County and David Marshak, jointly and severally, for such sums as are fair and reasonable, in excess of Twenty-Five Thousand Dollars ($25,000.00), together any and all costs herein

incurred and expended, and for such other and further relief as this Court may deem just and proper.

## COUNT IV – RESPONDEAT SUPERIOR AGAINST DEFENDANT JEFFERSON COUNTY

125.    Plaintiff restates and incorporates paragraphs 1 through 124 as if fully set forth herein.

126.    At the time of the acts as alleged herein, Jefferson County provided correctional officers at the Jefferson County Jail by and through the Jefferson County Sheriff's office.

127.    At the time of the actions of Defendants Ellis, Downard, and Burch, as more fully set forth herein below, Defendants Ellis, Downard, and Burch were employees of Jefferson County.

128.    That at all relevant times hereto, an employer-employee relationship existed between Defendant Jefferson County and each of Defendant Ellis, Downard, and Burch.

129.    That the actions of Defendant Ellis, Downard, and Burch, as more fully set forth herein below, were within the course and scope of their employment with Jefferson County.

130.    That Defendant Jefferson County is vicariously liable for the actions its employees, including those of Defendant Ellis, Downard, and Burch as more fully set forth below.

WHEREFORE, Plaintiff Robert Miles prays for judgment against Defendant Jefferson County, for such sums as are fair and reasonable, in excess of Twenty-Five Thousand Dollars ($25,000.00), together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

## COUNT V – VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS COGNIZABLE UNDER 42 U.S.C. §1983 AGAINST MELISSA ELLIS

131.    Plaintiff restates and incorporates paragraphs 1 through 130 as if fully set forth herein.

132.    At all times relevant hereto, Defendant Ellis was acting under the color of state law in her capacity as a corrections officer for the County of Jefferson, State of Missouri.

133.    Defendant Ellis knew or should have known that an individual in Melissa's situation would attempt to obtain controlled substances while in custody.

134.    Defendant Ellis owed Melissa a duty to prevent her from having access to controlled substances while in custody.

135.    Defendant Ellis deliberately and knowingly failed to prevent inmates, including Melissa, from bringing in and/or obtaining controlled substances while in custody.

136.    Defendant Ellis breached her duty of care owed to Melissa and committed the following acts of negligence, to-wit:

      a.    Failed to prevent the importation of controlled substances;

      b.    Failed to prevent Melissa from gaining access to controlled substances while in custody;

      c.    Failed to appropriately monitor and/or perform mandatory cell checks on Melissa once placed in her holdover cell; and

      d.    Failed to timely, consistently, and properly assess and document Melissa's physical and mental condition.

137.    Defendant Ellis' actions as aforesaid were deliberately indifferent to the rights of Melissa.

20

138.    Defendant Ellis' actions as aforesaid violated Melissa's rights secured by the Eighth and/or Fourteenth Amendments to the Constitution of the United States and Defendant Ellis is therefore liable for her violations pursuant to 42 U.S.C. §1983.

139.    That as a direct and proximate result of one or more of Defendant Ellis' foregoing acts of negligence, Melissa suffered severe injuries causing her pain and suffering; Melissa's nerves and entire nervous system were disturbed and injured; and Melissa ingested a lethal dose of controlled substances and ultimately perished.

140.    As a direct and proximate result of Defendant Ellis' negligence as aforesaid, Plaintiff incurred expenses for Melissa's funeral and burial.

141.    As a direct and proximate cause of the negligence of Defendant Ellis, Plaintiff has sustained losses because of Melissa's death in the nature of loss of services, companionship, comfort, instruction, guidance, counsel, training, and support.

142.    The actions of Defendant Ellis with regard to Melissa were recklessly and callously indifferent to Melissa's Eighth and Fourteenth Amendment rights.

143.    Pursuant to 42 U.S.C. §1988, Defendant Ellis is liable for Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff Robert Miles prays for judgment against Defendant Ellis, for such sums as are fair and reasonable, in excess of Twenty-Five Thousand Dollars ($25,000.00), together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

## COUNT VI – WRONGFUL DEATH UNDER RSMO §537.080 AGAINST DEFENDANT MELISSA ELLIS

144.    Plaintiff restates and incorporates paragraphs 1 through 143 as if fully set forth herein.

21

145.    That at the time of the negligent acts complained of herein and that at all times mentioned, Defendant Ellis owed a duty to use ordinary care to ensure that inmates, including Melissa, received appropriate supervision and were not allowed access to controlled substances.

146.    Defendant Ellis breached her duty owed to Melissa and was negligent in the following respects, to-wit:

    a.    Failed to prevent the importation of controlled substances;

    b.    Failed to prevent Melissa from gaining access to controlled substances while in custody;

    c.    Failed to appropriately monitor and/or perform mandatory cell checks on Melissa once placed in her holdover cell; and

    d.    Failed to timely, consistently, and properly assess and document Melissa's physical and mental condition.

147.    That as a direct and proximate result of one or more of Defendant Ellis' foregoing acts of negligence Melissa suffered severe injuries causing her pain and suffering; Melissa's nerves and entire nervous system were disturbed and injured; and Melissa ingested a lethal dose of controlled substances and ultimately perished.

148.    As a direct and proximate result of Defendant Ellis' negligence as aforesaid, Plaintiff incurred expenses for Melissa's funeral and burial.

149.    As a direct and proximate result of the negligence of Defendant Ellis, Plaintiff has sustained losses because of Melissa's death in the nature of loss of services, companionship, comfort, instruction, guidance, counsel, training and support.

150.    Defendant Ellis' conduct, as discussed herein, showed complete indifference to and/or conscious disregard for the safety of others, including the safety of Melissa.

WHEREFORE, Plaintiff Robert Miles prays for judgment against Defendant Ellis, for such sums as are fair and reasonable, in excess of Twenty-Five Thousand Dollars ($25,000.00), together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

## COUNT VII – VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS COGNIZABLE UNDER 42 U.S.C. §1983 AGAINST DEFENDANT ERIC BURCH

151. Plaintiff restates and incorporates paragraphs 1 through 150 as if fully set forth herein.

152. At all times relevant hereto, Defendant Burch was acting under the color of state law in his capacity as a corrections officer for the County of Jefferson, State of Missouri.

153. Defendant Burch knew or should have known that an individual in Melissa's situation would attempt to obtain controlled substances while in custody.

154. Defendant Burch owed Melissa a duty to prevent her from having access to controlled substances while in custody.

155. Defendant Burch deliberately and knowingly failed to prevent inmates, including Melissa, from bringing in and/or obtaining controlled substances while in custody.

156. Defendant Burch breached his duty of care owed to Melissa and committed the following acts of negligence, to-wit:

    a.    Failed to prevent the importation of controlled substances;

    b.    Failed to prevent Melissa from gaining access to controlled substances while in custody;

    c.    Failed to appropriately monitor and/or perform mandatory cell checks on Melissa once placed in her holdover cell; and

        d.      Failed to timely, consistently, and properly assess and document Melissa's physical and mental condition.

157.    Defendant Burch's actions as aforesaid were deliberately indifferent to the rights of Melissa.

158.    Defendant Burch's actions as aforesaid violated Melissa's rights secured by the Eighth and/or Fourteenth Amendments to the Constitution of the United States and Defendant Burch is therefore liable for his violations pursuant to 42 U.S.C. §1983.

159.    That as a direct and proximate result of one or more of Defendant Burch's foregoing acts of negligence, Melissa suffered severe injuries causing her pain and suffering; Melissa's nerves and entire nervous system were disturbed and injured; and Melissa ingested a lethal dose of controlled substances and ultimately perished.

160.    As a direct and proximate result of Defendant Burch's negligence as aforesaid, Plaintiff incurred expenses for Melissa's funeral and burial.

161.    As a direct and proximate cause of the negligence of Defendant Burch, Plaintiff has sustained losses because of Melissa's death in the nature of loss of services, companionship, comfort, instruction, guidance, counsel, training and support.

162.    The actions of Defendant Burch with regard to Melissa were recklessly and callously indifferent to Melissa's Eighth and Fourteenth Amendment rights.

163.    Pursuant to 42 U.S.C. §1988, Defendant Burch is liable for Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff Robert Miles prays for judgment against Defendant Burch, for such sums as are fair and reasonable, in excess of Twenty-Five Thousand Dollars ($25,000.00),

together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

### COUNT VIII – WRONGFUL DEATH UNDER RSMO §537.080
### AGAINST DEFENDANT ERIC BURCH

164.    Plaintiff restates and incorporates paragraphs 1 through 163 as if fully set forth herein.

165.    That at the time of the negligent acts complained of herein and that at all times mentioned, Defendant Burch owed a duty to use ordinary care to ensure that inmates, including Melissa, received appropriate supervision and were not allowed access to controlled substances.

166.    Defendant Burch breached his duty owed to Melissa and was negligent in the following respects, to-wit:

    a.    Failed to prevent the importation of controlled substances;

    b.    Failed to prevent Melissa from gaining access to controlled substances while in custody;

    c.    Failed to appropriately monitor and/or perform mandatory cell checks on Melissa once placed in her holdover cell; and

    d.    Failed to timely, consistently, and properly assess and document Melissa's physical and mental condition.

167.    That as a direct and proximate result of one or more of Defendant Burch's foregoing acts of negligence Melissa suffered severe injuries causing her pain and suffering; Melissa's nerves and entire nervous system were disturbed and injured; and Melissa ingested a lethal dose of controlled substances and ultimately perished.

168.    As a direct and proximate result of Defendant Burch's negligence as aforesaid, Plaintiff incurred expenses for Melissa's funeral and burial.

169.   As a direct and proximate result of the negligence of Defendant Burch, Plaintiff has sustained losses because of Melissa's death in the nature of loss of services, companionship, comfort, instruction, guidance, counsel, training and support.

170.   Defendant Burch's conduct, as discussed herein, showed complete indifference to and/or conscious disregard for the safety of others, including the safety of Melissa.

WHEREFORE, Plaintiff Robert Miles prays for judgment against Defendant Burch, for such sums as are fair and reasonable, in excess of Twenty-Five Thousand Dollars ($25,000.00), together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

## COUNT IX – VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS COGNIZABLE UNDER 42 U.S.C. §1983 AGAINST DEFENDANT CHAD DOWNARD

171.   Plaintiff restates and incorporates paragraphs 1 through 170 as if fully set forth herein.

172.   At all times relevant hereto, Defendant Downard was acting under the color of state law in his capacity as a corrections officer for the County of Jefferson, State of Missouri.

173.   Defendant Downard knew or should have known that an individual in Melissa's situation would attempt to obtain controlled substances while in custody.

174.   Defendant Downard owed Melissa a duty to prevent her from having access to controlled substances while in custody.

175.   Defendant Downard deliberately and knowingly failed to prevent inmates, including Melissa, from bringing in and/or obtaining controlled substances while in custody.

176.   Defendant Downard breached his duty of care owed to Melissa and committed the following acts of negligence, to-wit:

    a.   Failed to prevent the importation of controlled substances;

b.    Failed to prevent Melissa from gaining access to controlled substances while in custody;

c.    Failed to appropriately monitor and/or perform mandatory cell checks on Melissa once placed in her holdover cell; and

d.    Failed to timely, consistently, and properly assess and document Melissa's physical and mental condition.

177.    Defendant Downard's actions as aforesaid were deliberately indifferent to the rights of Melissa.

178.    Defendant Downard's actions as aforesaid violated Melissa's rights secured by the Eighth and/or Fourteenth Amendments to the Constitution of the United States and Defendant Downard is therefore liable for his violations pursuant to 42 U.S.C. §1983.

179.    That as a direct and proximate result of one or more of Defendant Downard's foregoing acts of negligence, Melissa suffered severe injuries causing her pain and suffering; Melissa's nerves and entire nervous system were disturbed and injured; and Melissa ingested a lethal dose of controlled substances and ultimately perished.

180.    As a direct and proximate result of Defendant Downard's negligence as aforesaid, Plaintiff incurred expenses for Melissa's funeral and burial.

181.    As a direct and proximate cause of the negligence of Defendant Downard, Plaintiff has sustained losses because of Melissa's death in the nature of loss of services, companionship, comfort, instruction, guidance, counsel, training and support.

182.    The actions of Defendant Downard with regard to Melissa were recklessly and callously indifferent to Melissa's Eighth and Fourteenth Amendment rights.

183.    Pursuant to 42 U.S.C. §1988, Defendant Downard is liable for Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff Robert Miles prays for judgment against Defendant Downard, for such sums as are fair and reasonable, in excess of Twenty-Five Thousand Dollars ($25,000.00), together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

## COUNT X – WRONGFUL DEATH UNDER RSMO §537.080 AGAINST DEFENDANT CHAD DOWNARD

184.    Plaintiff restates and incorporates paragraphs 1 through 183 as if fully set forth herein.

185.    That at the time of the negligent acts complained of herein and that at all times mentioned, Defendant Downard owed a duty to use ordinary care to ensure that inmates, including Melissa, received appropriate supervision and were not allowed access to controlled substances.

186.    Defendant Downard breached his duty owed to Melissa and was negligent in the following respects, to-wit:

a.    Failed to prevent the importation of controlled substances;

b.    Failed to prevent Melissa from gaining access to controlled substances while in custody;

c.    Failed to appropriately monitor and/or perform mandatory cell checks on Melissa once placed in her holdover cell; and

d.    Failed to timely, consistently, and properly assess and document Melissa's physical and mental condition.

187.     That as a direct and proximate result of one or more of Defendant Downard's foregoing acts of negligence Melissa suffered severe injuries causing her pain and suffering; Melissa's nerves and entire nervous system were disturbed and injured; and Melissa ingested a lethal dose of controlled substances and ultimately perished.

188.     As a direct and proximate result of Defendant Downard's negligence as aforesaid, Plaintiff incurred expenses for Melissa's funeral and burial.

189.     As a direct and proximate result of the negligence of Defendant Downard, Plaintiff has sustained losses because of Melissa's death in the nature of loss of services, companionship, comfort, instruction, guidance, counsel, training and support.

190.     Defendant Downard's conduct, as discussed herein, showed complete indifference to and/or conscious disregard for the safety of others, including the safety of Melissa.

WHEREFORE, Plaintiff Robert Miles, prays for judgment against Defendant Downard, for such sums as are fair and reasonable, in excess of Twenty-Five Thousand Dollars ($25,000.00), together with any and all costs herein incurred and expended, and for such other and further relief as this Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

Roberts, Wooten & Zimmer, LLC
Attorneys At Law
10438 Business 21
PO Box 888
Hillsboro, MO 63050
(636) 797-2693 / (636) 789-4205 (fax)

By:    /s/ Jonathan W. Doss, #70033MO
        Charles R. Wooten, #51250MO
        CharlesWooten@RWZLaw.com
        Jonathan W. Doss, #70033MO
        JonathanDoss@RWZLaw.com